# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 2:14-cr-129-JVB-JEM |
| | ) | |
| MARY ELGIN | ) | |

## OPINION AND ORDER

Defendant Mary Elgin requests relief from her sentence, either through reduction pursuant to 34 U.S.C. § 3582(c)(1)(A) or modification pursuant to 34 U.S.C. § 60541(g)(1)(B). For the reasons below, this Court denies Defendant's requests.

**A.     Overview of the Case**

On May 8, 2017, Defendant pleaded guilty to charges involving wire fraud and failure to file a tax return. (DE 236 at 1.) She received a sentence of twelve months and one day in the United States Bureau of Prisons (the "BOP"). *Id*. at 2. On January 3, 2019, while incarcerated, she sent a request for "reduction of [her] sentence pursuant to the First Step Act of 2018" to the warden. (DE 275, Ex. B.) The warden responded the following day.[1] (DE 275 at 5.) Over a month later, on February 6, Defendant filed the instant motion. *Id*. She did not appeal the denial through the Administrative Remedy Program, 28 C.F.R. § 542.15.

**B.     Analysis**

Defendant, who is not represented by an attorney, argues that she is entitled to relief under both § 3582 and § 60541. However, Defendant has not exhausted her administrative

---

[1] Defendant did not indicate what the response said. This Court presumes the warden denied her request.

remedies as required by § 3582. As for § 60541, this Court does not have the authority to grant the requested relief.

**(1)     Defendant Has Not Exhausted Her Administrative Remedies**

An inmate may request a reduced sentence based on "extraordinary and compelling reasons." 34 U.S.C. § 3582(c)(1)(A)(i). Previously, this could only be done through a motion by the BOP's director, but Congress amended the statute to allow inmates to file the motion themselves. First Step Act of 2018, 115 P.L. 319, § 603(b)(1). To take advantage of § 3582, an inmate can ask the BOP to file the motion on her behalf. 28 C.F.R. § 571.61(a). She could also file the motion herself, but only if either (1) the BOP denies her request and Defendant exhausts all administrative remedies, or (2) the warden fails to respond within thirty days. 34 U.S.C. § 3582(c)(1)(A). Here, Defendant concedes that the warden timely responded. (DE 275 at 5.) Thus, she may only bring this motion if she exhausted all her administrative remedies. This she had not done.

The method of exhausting administrative remedies depends on who within the BOP denies the inmate's request for § 3582 relief. A denial by either the BOP's director or general counsel "constitutes a final administrative decision" and would allow the inmate to file a § 3582 motion herself. 28 C.F.R. § 571.63(d). But if the warden denies the request, the inmate must seek relief through the Administrative Remedy Program, 28 C.F.R. § 542.15 (the "Program"). 28 C.F.R. § 571.63(a). The last step of the Program involves submitting a BP-11 request, a response to which constitutes a final administrative decision. BOP Program Statement 5050.50, § 9. *See also Barnes v. Allred*, 482 Fed. Appx. 308, 309 n.2 (10th Cir. 2012) (explaining the steps).

Here, Defendant requested § 3582 relief from the warden. (DE 275, Ex. B.) Yet, because

the warden responded instead of the director or general counsel, Defendant needed to appeal through the Program. 28 C.F.R. § 571.63(a). Because she did not do so, this Court cannot entertain her motion at this time. Once she exhausts her administrative remedies, Defendant may return to this Court. *See United States v. Mills*, 2019 U.S. Dist. LEXIS 10954, *10–11 (M.D. Fla., Jan. 23, 2019) ("If the BOP . . . makes a final administrative decision denying his request . . . [the defendant] may renew his motion with the Court.")[2]

**(2) Defendant Must Seek § 60541 Relief from the Attorney General**

Section 60541 creates a pilot program in which the Attorney General may release certain elderly inmates to home detention. 34 U.S.C. § 60541(g)(1)(B). Either the BOP or the inmate herself may file such a request with the Attorney General. *Id*. However, this section, unlike § 3582, offers no avenue for requesting home detention through the courts. Thus, this Court cannot grant § 60541 relief. *Cf. United States v. Curry*, 2019 U.S. Dist. LEXIS 21158, *5 (E.D. Ky., Feb. 8, 2019) ("34 U.S.C. § 60541 only authorizes the Attorney General to modify the method of imprisonment. It does not permit the Courts to take such action.")

**C. Conclusion**

Defendant's motion for § 3582 relief is DENIED without prejudice because she failed to exhaust her administrative remedies. Defendant's motion for § 60541 relief is DENIED because this Court has no authority to grant it.

SO ORDERED on May 23, 2019.

---

[2] This Court expresses no opinion on whether Defendant established the "extraordinary and compelling reasons" necessary to justify § 3582 relief, instead leaving that decision to the BOP in the first instance.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE